IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:18-cv-00186-MR

| | |
|---|---|
| MICHAEL ODELL FAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| ALLEN HOUSER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant Houser's Motion for Summary Judgment [Doc. 30].

**I.    PROCEDURAL BACKGROUND**

On November 21, 2018, the Plaintiff Michael Odell Fair, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging the violation of his civil rights while incarcerated at the Lincoln County Detention Center in Lincolnton, North Carolina.[1] [Doc. 1]. The Plaintiff sued Allen Houser, a Lieutenant in the Lincoln County Sheriff's Office, David Carpenter, the former

---

[1] The Plaintiff has been transferred since his incarceration at the Lincoln County Detention Center and is now incarcerated at Warren Correctional Institution in Norlina, North Carolina.

Sheriff of Lincoln County, and Tim Johnson, a former captain in the Lincoln County Sheriff's Office (the "Defendants"). [Id.].

The Plaintiff purports to bring an Eighth Amendment claim against the Defendants for deliberate indifference to serious medical needs based on their refusal to provide him with proper mental health treatment during his incarceration. [Id. at 3]. Specifically, the Plaintiff claims that he asked to see a mental health provider for several months and never saw one until he attempted to kill himself. [Id. at 2]. For his injuries, the Plaintiff alleges that he was: "traumatized, moral duress, taking from income, family traumatization, mental alteration, pain, suffering, and duressfulness." [Id. (errors in original)]. For relief, the Plaintiff seeks $100,000 in damages and the dismissal of his state criminal convictions. [Id. at 5].

On February 13, 2019, the Court determined that the Plaintiff's Complaint survived initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A. [Doc. 10]. The Court ordered the Plaintiff to fill out summons forms so the U.S. Marshall could effectuate service. [Id]. The Plaintiff filled out the forms for all three defendants with the address for the Lincoln County Sheriff's Office. [Doc. 12-14]. Defendants Carpenter and Johnson, however, no longer work at the Lincoln County Sheriffs' Office. [Docs. 13, 14]. As such,

Defendants Carpenter and Johnson still have not been served with the Complaint.

On April 9, 2019, Defendant Houser filed an Answer to the Plaintiff's Complaint. [Doc. 18]. On October 14, 2019, Defendant Houser filed a Motion for Summary Judgment. [Doc. 30]. Defendant Houser argues that his Motion should be granted because the Plaintiff failed to exhaust available administrative remedies before bringing this suit, there is no evidence to show that he was deliberately indifferent to the Plaintiff, and he has qualified immunity to the Plaintiff's claims. [Doc. 31 at 4-16]. On November 8, 2019, the Plaintiff responded. [Docs. 33, 35].[2] On November 15, 2019, Defendant Houser replied. [Doc. 36].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[2] On November 8, 2019, the Plaintiff also filed a "Notice of Motion of Urgent Prayer/Declaration to Honorable Frank D. Whitney." [Doc. 34]. In that filing, the Plaintiff complains that the policies and procedures at the Warren Correctional Institution are making it difficult for him to litigate this matter. [Id. at 1]. He asks the Court to "rectify this situation immediately within my prosecution to provide the court with an adequate claim without restraitive interferences within the Department of Public Safety and Warren Correctional Institution[.]" [Id. at 4 (errors in original)]. Despite his complaints, the Plaintiff was able to file a full response to Defendant Houser's Motion for Summary Judgment as well as several other documents. [Docs. 33, 34, 35, 37]. Moreover, this matter is against officers at the Lincoln County Detention Center, not the Warren Correctional Institution.

3

judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). The nonmoving

4

party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III. DISCUSSION

Defendant Houser claims that the Plaintiff failed to exhaust his administrative remedies because he did not complete the procedures laid out in the Lincoln County Detention Center's grievance policy before filing this action. [Doc. 31 at 1]. As such, Defendant Houser asserts that the Plaintiff's Complaint should be dismissed pursuant to the Prison Litigation Reform Act ("PLRA"). [Id. at 4-7 (citing 42 U.S.C. § 1997(a))].

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(a). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524). The Supreme Court has highlighted that the exhaustion of administrative remedies must occur before a civil action is commenced. Porter v. Nussle, 534 U.S. 516 (2002). For example, a prisoner may not exhaust his administrative remedies during the pendency of a Section 1983 action. See Germain v. Shearin, 653 Fed. Appx. 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011). In Anderson v. XYZ Correctional Health Servs., 407 F.3d 674, 683 (4th Cir. 2005), the Fourth Circuit determined that:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Here, the Plaintiff acknowledges that the Lincoln County Detention Center has a written policy concerning inmate grievances. [Doc. 31-3 at 8-9; Doc. 31-7 at 2]. That policy is explained to inmates upon arrival at the

6

facility and is distributed in the inmate handbook provided to all inmates. [Doc. 31-5 at 3; Doc. 31-7 at 2; Doc. 31-9 at 2]. Under that policy, inmates should first try to resolve grievances with detention staff informally. [Doc. 31-9 at 2]. If an inmate is dissatisfied with the resolution from the detention staff, he or she may use the kiosk machines at the facility to file a formal grievance. [Id. at 2]. If the inmate is still dissatisfied with the resolution of the formal grievance, he or she may file an appeal to the Detention Administrator or the Sheriff. [Id.; Doc. 31-7 at 2]. The inmate will receive a written response to his or her appeal, which constitutes the end of the grievance process at the Detention Center. [Doc. 31-9 at 3].

Here, Defendant Houser has provided a declaration regarding the Plaintiff's grievances. [Doc. 31-5]. According to the declaration, the Plaintiff filed 443 grievances during his incarceration at the Lincoln County Detention Center between 2013 and 2018. [Doc. 31-5 at 4].[3] Those 443 grievances included several requests to see mental health professionals. [Doc. 31-11 at 48 (Dec. 6, 2016), 49 (Dec. 7, 2016), 49 (Dec. 8, 2016), 4 (Dec. 28, 2016), 50 (Dec. 29, 2016), 13 (Feb. 24, 2017), 14 (Feb. 24, 2017), 50 (Feb. 24,

---

[3] The Plaintiff claims that he filed 444 requests during his incarceration at the Lincoln County Detention Center. [Doc. 35 at 4]. The Detention Centers' records, however, show that the Plaintiff filed 443 grievances during that time. Moreover, the Plaintiff himself asserts that he filed 271 grievances between 2013 and 2017 and 172 grievances in 2018, which totals 443 grievances. [Doc. 35 at 4]. Regardless, any difference in the number of filed grievances is immaterial to the issues here.

7

2017), 51 (Mar. 3, 2017), 51 (Mar. 5, 2017), 55 (Mar. 9, 2017), 46-47 (Mar. 11, 2017), 51 (Mar. 21, 2017), 47 (June 20, 2017), 7 (June 20, 2017), 8 (June 26, 2017); Doc. 31-12 at 28 (June 8, 2018), 30 (July 18, 2018), 30 (Aug. 4, 2018), 28 (Aug. 18, 2018), 31 (Nov. 7, 2018)]. The Detention Center's record of the Plaintiff's grievances shows that he did not appeal the denial of any of his grievances. [Doc. 31-11, 31-12]. Defendant Houser's declaration confirms that the Plaintiff "never filed an appeal over the alleged denial to allow him to see mental health." [Doc. 31-5 at 4].

The Plaintiff, however, claims that he did "exhaust the grievance procedure for 6 of 59 request # 79590, 8 of 59 request #80010, 45 of 59 request # 72813, etc." [Doc. 33-1 at 6]. The Detention Center's records, however, show that the Plaintiff never appealed the denial of those grievances. [Doc. 31-11; 31-12].

The Plaintiff filed grievance #79590 on June 20, 2017, asking to "TALK SOMEONE ABOUT MY THOUGHTS AND FEELINGS." [Doc. 31-11 at 7 (errors in original)]. On June 21, 2017, detention staff responded that they would "send this grievance to medical." [Id.]. As such, there was no denial of this grievance for the Plaintiff to appeal. Even if the detention staff's resolution constituted a denial of the Plaintiff's grievance, the Plaintiff has provided no evidence from which a reasonable jury could conclude that he

appealed that denial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As such, there is no genuine issue of material fact as to whether the Plaintiff has exhausted his administrative remedies with regard to that grievance.

The Plaintiff filed grievance #80010 on June 26, 2017, stating that "I HAVENT ATE FOR 3 DAYS AND I STAB MYSELF I GOT BLOOD ALL OVER THE WINDOW AND NO ONE HAS GAVE ME ANY MEDICAL ATTENTION BECAUSED YOU AND YOUR STAFF DONT CARE ABOUT MY LIFE[.]" [Doc. 31-11 at 9 (errors in original)]. On June 28, 2017, the detention staff responded that "[i]t is an untrue statement about you not eating for 3 days and you did not stab yourself." [Id.]. While the response from the detention staff could be characterized as a denial of the Plaintiff's request for medical attention, the Plaintiff has provided no evidence from which a reasonable jury could conclude that the Plaintiff appealed that denial. Anderson, 477 U.S. at 248. As such, there is no genuine issue of material fact as to whether the Plaintiff has exhausted his administrative remedies with regard to that grievance.

The Plaintiff filed grievance #72813 on March 11, 2017, asking to be

> EVAULATED BY MR. JACK DUE TO COURT FACTUAL DOCUMENTATION AND WITH REQUESTS SENT TO MEDICAL FIRST FOLLOWING PROTOCOL MR. JACK IS STILL

9

> ENORING ME AND THE MEDICAL NOTIFING MY REQUEST TO SEE HIM. I NEED THE EXAMINATION TO SUPPORT BEHAVIOR EFFECTIVITY AS THE NEAREST CONVIENCE MAY SOMEONE DEMMAND HIM TO SEE ME BRIEFLY.

[Doc. 31-11 at 47 (errors in original)]. On March 13, 2017, detention staff responded that

> [m]edical gives your request to mental health. You have been seen by mental health and you have gone to the drug classes. Your attorney hasn't gotten in touch with medical nor mental health about you needed an evaluation. A court ordered evaluation is exactly that, court ordered and we have not been notified. If you would like to be seen and started on medication, please let medical know.

[Id.]. While the response from the detention staff could be characterized as a denial of the Plaintiff's request for medical attention, the Plaintiff has provided no evidence from which a reasonable jury could conclude that the Plaintiff appealed that denial. Anderson, 477 U.S. at 248.[4] As such, there is no genuine issue of material fact as to whether the Plaintiff has exhausted his administrative remedies with regard to that grievance.

Because the Plaintiff never appealed the alleged denials of his requests to see mental health experts, the Plaintiff failed to exhaust his

---

[4] Moreover, the Plaintiff's grievance seems to be directed at the medical staff's refusal to treat him, rather than any denial of medical treatment by Defendant Houser.

administrative remedies with regard to his claim. Jones v. Bock, 549 U.S. 199, 211 (2007). Accordingly, Defendant Houser's Motion for Summary Judgment will be granted and the Plaintiff's claim against Defendant Houser will be dismissed without prejudice. Dillard v. Anderson, No. 2:13-CV-31-FDW, 2010 WL 9553022, at *2 n.2 (W.D.N.C. Sept. 6, 2010) (Whitney, C.J.). ("A dismissal for failure to exhaust administrative remedies is without prejudice.").

# O R D E R

**IT IS, THEREFORE, ORDERED** that Defendant Houser's Motion for Summary Judgment [Doc. 30] is **GRANTED** and the Plaintiff's claim against Defendant Houser is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Plaintiff shall have fourteen (14) days from the entry of this Order to file a response showing good cause why Defendants Carpenter and Johnson should not be dismissed from this action. Failure to timely comply with this Order will result in the dismissal of Defendants Carpenter and Johnson from this action without prejudice.

**IT IS SO ORDERED.**

Signed: June 10, 2020

Martin Reidinger
Chief United States District Judge