# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-00186-MR

| | |
|---|---|
| MICHAEL ODELL FAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| ) | |
| DAVID CARPENTER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court sua sponte on Plaintiff's filing of his "Notice of Truth Declaration Response to Order of Why the Court Should Not Dismiss Complaint Against Tim Johnson and David Carpenter". [Doc. 39].

## I. BACKGROUND

Pro se Plaintiff Michael Odell Fair ("Plaintiff") is a North Carolina prisoner currently incarcerated at Warren Correctional Institution in Norlina, North Carolina. Plaintiff filed this action in this Court on November 21, 2018, pursuant to 42 U.S.C. § 1983. [Doc. 1]. On February 13, 2019, Plaintiff's Complaint survived initial review as to Defendants Allen Houser, David Carpenter, and Tim Johnson. [Doc. 10]. Defendant Houser was served on March 3, 2019. [Doc. 12]. On October 14, 2019, Defendant Houser filed a

motion for summary judgment. [Doc. 30]. The Court issued a Roseboro Order and Plaintiff responded to Defendant Houser's summary judgment motion. [Docs. 32, 33, 35]. Despite efforts by the U.S. Marshal to serve Defendants Carpenter and Johnson, they remained unserved at the time of the adjudication of Defendant Houser's summary judgment motion. [See Docs. 13, 14].

Under Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review in this case occurred on February 13, 2019. [Doc. 10]. Plaintiff, therefore, had until May 14, 2019 to serve Defendants Carpenter and Johnson.

On June 10, 2020, the Court granted Defendant Houser's motion for summary judgment and advised Plaintiff pursuant to Rule 4(m) that he must show good cause for his failure to timely serve Defendants Carpenter and Johnson. [Doc. 39]. The Court notified Plaintiff that it would dismiss

2

Defendants Carpenter and Johnson without prejudice unless, within fourteen (14) days of that Order, the Plaintiff showed good cause for his failure to serve them. [Id.].

Plaintiff timely filed a response to the Court's show cause Order. [Doc. 39]. In his response, the Plaintiff references George Floyd and the circumstances of his recent and untimely death. Plaintiff also cites to cases he contends relate to due process and deliberate indifference determinations. Finally, Plaintiff cites to several North Carolina General Statutes, which relate to medical and mental health care for prisoners and otherwise as well as to the general duty of a prison to protect prisoners from outside harm. [Doc. 39]. Plaintiff does not assert that he has undertaken any efforts to further obtaining service on Defendants Carpenter or Johnson and states no intention to do so.

## II. DISCUSSION

"'Good cause' as used in Rule 4(m) refers to a legally sufficient ground or reason based on *all* relevant circumstances." Robinson v. GDC, Inc., 193 F.Supp.3d 577, 580 (4th Cir. 2016) (citing McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 342 (1991)).

> Courts within the Fourth Circuit found good cause to extend the [90]-day period when the plaintiff has made reasonable, diligent efforts to effect service on the defendant. This leniency especially holds true

> when factors beyond the plaintiff's control frustrate his or her diligent efforts. Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant or stayed proceedings that delay the issuance of a summons.
>
> At a minimum, inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service generally are insufficient to show good cause. While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, neither *pro se* status nor incarceration constitute good cause.

McCoy v. Abbasi, No. 3:10CV875, 2012 WL 4933301, at *1 (E.D. Va. Oct. 16, 2012) (internal citations and quotation marks omitted).

Here, Plaintiff has failed to state good cause for his failure to serve Defendants Carpenter and Johnson. Nothing cited by Plaintiff remotely relates to the issue of service generally or his failure to serve these Defendants. Further, Plaintiff has made no effort to serve Defendants Carpenter or Johnson and has not sought an extension of time to complete service. Plaintiff also fails to suggest that he intends to attempt service on these Defendants. The Court, therefore, declines to exercise its discretion to enlarge the service period. See Robinson v. GDC, 193 F.Supp.3d at 581.

### III. CONCLUSION

Because Plaintiff has failed to show good cause for his failure to timely serve Defendants Carpenter and Johnson, the Court will dismiss these Defendants without prejudice pursuant to Rule 4(m).

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendants David Carpenter and Tim Johnson are hereby **DISMISSED WITHOUT PREJUDICE** as Defendants in this matter.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: June 27, 2020

Martin Reidinger
Chief United States District Judge